1  ROB BONTA
   Attorney General of California
2  NICKLAS A. AKERS
   Senior Assistant Attorney General
3  STACEY D. SCHESSER
   Supervising Deputy Attorney General
4  AMOS E. HARTSTON (SBN 186471)
   Deputy Attorney General
5   300 South Spring Street, Suite 1702
    Los Angeles, CA 90013
6   Telephone: (213) 296-6046
    Fax: (213) 897-4951
7   Email: Amos.Hartston@doj.ca.gov

8  HYDEE FELDSTEIN SOTO
   Los Angeles City Attorney
9  MICHAEL BOSTROM (SBN 211778)
   Chief Assistant City Attorney
10 WILLIAM PLETCHER (SBN 212664)
   Supervising Deputy City Attorney
11 ALEXANDRA AURISCH (SBN 296525)
   Deputy City Attorney
12  201 N. Figueroa Street, Suite 1300
    Los Angeles, CA 90012
13  Telephone: (213) 978-8100
    Fax: (213) 482-9549
14  Email: Alexandra.Aurisch@lacity.org

15 *Attorneys for Plaintiff the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>                             Plaintiff,<br><br>     **v.**<br><br>**TILTING POINT MEDIA LLC,**<br><br>                             Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER EQUITABLE RELIEF** |

1

The People of the State of California ("the People"), by and through Rob Bonta, Attorney General of the State of California, and Hydee Feldstein Soto, Los Angeles City Attorney, bring this action against Defendant Tilting Point Media LLC ("Tilting Point") for violations of the Children's Online Privacy Protection Act, 15 U.S.C. section 6501 *et seq.* ("COPPA"), the California Consumer Privacy Act, California Civil Code section 1798.100 *et seq.* ("CCPA"), and the Unfair Competition Law, California Business and Professions Code section 17200 *et seq.* ("UCL") based on Tilting Point's collection, disclosure, sale, and/or sharing of children's personal information without the required parental or opt-in consent and based on age-inappropriate advertising to children in connection with Tilting Point's mobile free-to-play games.

The People allege the following facts based on investigation, information, or belief:

## PARTIES

1. Plaintiff is the People of the State of California. The People bring this action by and through Rob Bonta, Attorney General of the State of California, and Hydee Feldstein Soto, Los Angeles City Attorney.

2. Defendant Tilting Point Media LLC is a Delaware corporation headquartered in New York with offices in Los Angeles, San Diego, and globally.

## JURISDICTION AND VENUE

3. This action arises under the Children's Online Privacy Protection Act, 15 U.S.C. § 6501 *et seq* ("COPPA"). This Court has subject-matter jurisdiction over this action because it is a case arising under federal law. 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims because they form part of the same case or controversy as the federal claim. 28 U.S.C. § 1367.

4. Pursuant to 15 U.S.C. § 6504, the California Attorney General may bring a civil action in district court to address alleged noncompliance with COPPA.

COMPLAINT (People v. Tilting Point Media LLC)

1  The California Attorney General provided the Federal Trade Commission with
2  written notice of the action and a copy of the complaint.

3      5.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2)
4  because a substantial part of the events or omissions giving rise to the claims
5  occurred in Los Angeles, California. Tilting Point has conducted and continues to
6  conduct business within the State of California, including the City and County of
7  Los Angeles, at all times relevant to this complaint. The violations of law described
8  herein were committed or occurred in the City and County of Los Angeles and
9  elsewhere in the State of California.

## FACTUAL ALLEGATIONS

11      6.    Tilting Point is a video game developer and publisher. As part of its
12  business, Tilting Point collects, discloses, sells, and/or shares the personal
13  information of its customers. Tilting Point generates revenue through advertising
14  and in-app purchases in its free-to-play mobile application games.

15      7.    As relevant here, Tilting Point's apps include games directed to
16  children and targeting mixed audiences. Tilting Point did not have sufficient
17  safeguards in place to obtain parental consent before collecting, disclosing, selling,
18  or sharing personal information of consumers under the age of 13. Tilting Point also
19  did not have sufficient safeguards in place to obtain affirmative "opt-in"
20  authorization before collecting, disclosing, selling, or sharing personal information
21  of consumers at least 13 years of age and under 16 years of age. This violated state
22  and federal consumer privacy laws. Tilting Point's privacy policy and advertising
23  practices related to minors also did not comply with legal requirements.

24      8.    Specifically, Tilting Point's mobile game "SpongeBob: Krusty Cook-
25  Off" (hereinafter, the "SpongeBob app"), launched in 2020, is a popular free-to-
26  play game that features characters from the animated television series SpongeBob
27  SquarePants. The app invites players to "[j]oin SpongeBob SquarePants on a
28  hilarious culinary adventure through the restaurants and kitchens of Bikini

Bottom!" Gameplay consists of managing a virtual kitchen while attempting to fill customers' orders within a limited amount of time. The app includes both personalized advertising and in-app purchases, and is rated "4+" in Apple's App Store and "E" (for everyone) in the Google Play store. The visual content, use of animated characters and fun background music, as well as the simplistic nature of gameplay make the game simple and basic for consumers under the age of 13. Tilting Point also targets older teens and adults with the SpongeBob app.

9. Although Tilting Point's terms of service and privacy policy stated that consumers were not authorized to use Tilting Point's services if under 13 years of age, Tilting Point was aware that children under 13 were using the SpongeBob app, and the SpongeBob app is directed to children.

10. In September 2022, the Children's Advertising Review Unit ("CARU") of BBB National Programs issued findings that Tilting Point was violating COPPA and CARU's Self-Regulatory Guidelines for Advertising and for Children's Online Privacy Protection in connection with the SpongeBob app. CARU determined that Tilting Point failed to provide a neutral and effective age screen (the purpose of which is to limit the collection, use, or disclosure of personal information of users under the age of 13), or to obtain verifiable parental consent before the collection, use, or disclosure of any personal information from children. CARU also found that Tilting Point displayed ads that used deceptive tactics such as having unclear methods to exit the ads, blurred lines between advertising and gameplay, and caused the download of unnecessary apps; and displayed some ads that were age-inappropriate for children, such as for a gambling app and a game about growing marijuana. Tilting Point agreed to implement changes to address CARU's concerns regarding its privacy and advertising practices.

11. Following CARU's investigation, the People investigated Tilting Point's compliance with laws related to minor's privacy and advertising to minors.

COMPLAINT (People v. Tilting Point Media LLC)

The People found that, even following CARU's investigation and report, Tilting Point did not come into compliance with the CCPA, COPPA, and the UCL.

12. The People allege that, during the period since the 2020 launch of the SpongeBob app, Tilting Point:

(a) Used age screens that did not ask age in a neutral manner. For example, starting in 2020, when the SpongeBob app was first downloaded, an initial screen asked users to select their birthday defaulting to the year 1953. Users under the age of 13 would need to scroll through more than 50 years to select an accurate birth year.

(b) Allowed children under age 13 to consent to the processing of their data for the purpose of receiving "personalized" advertising, without parental consent.

(c) Collected, disclosed, sold, or shared personal information from consumers who self-identified as under 13 years of age without obtaining parental consent, and collected, disclosed, sold, or shared personal information from consumers who self-identified as at least 13 and less than 16 years of age without obtaining the consumer's affirmative consent. In other words, regardless of the age consumers entered via Tilting Point's age screen, the SpongeBob app collected and disclosed children's personal information without the required parental or opt-in consent, including disclosure to third parties for advertising purposes.

13. The People's investigation also found that Tilting Point incorrectly configured software development kits (SDKs) provided by third-parties in the SpongeBob app resulting in the collection and disclosure of children's personal information without required parental or opt-in consent. Further, Tilting Point did not sufficiently review or audit its configuration and use of SDKs to ensure compliance with CCPA and COPPA legal requirements related to children's data.

14. The People's investigation also found that Tilting Point's privacy policy was ambiguous and incomplete regarding the use of personal information for targeted and behavioral advertising. The investigation further found that Tilting Point's advertising to minors in the SpongeBob app previously used deceptive tactics, such as advertisements that were not clearly labeled as advertising and did not provide clear exit methods, and displayed ads that were age-inappropriate for children.

## I. Tilting Point Violated the CCPA Because It Sold or Shared Children's Personal Information Without Obtaining Parental or "Opt-In" Consent.

15. California's landmark privacy law, the CCPA, went into effect on January 1, 2020. The CCPA vests California residents with control over their personal information. The law requires businesses that sell or share personal information to make specific disclosures and give consumers the right to opt out of the sale or sharing of their personal information. (Civ. Code, § 1798.135.) The CCPA defines "sale" to include disclosing consumer personal information to third parties in exchange for a benefit. (Civ. Code, § 1798.140, subd. (ad).) The CCPA defines "share" to include sharing, disclosing, or otherwise making available consumer personal information to third parties for cross-context behavioral advertising. (Civ. Code, § 1798.140, subd. (ah).)

16. While the CCPA requires businesses to allow adult consumers to "opt-out" of the sale or sharing of their personal information, for children under 16 years of age, the CCPA is an "opt-in" statute. Businesses are prohibited from selling or sharing the personal information of consumers when it has actual knowledge they are less than 13 years of age without parent or guardian affirmative authorization, and in the case of consumers at least 13 years of age and less than 16 years of age, without that consumer's affirmative authorization. A business that willfully disregards the consumer's age is deemed to have actual knowledge of the

consumer's age. (Civ. Code, § 1798.120, subd. (c); Cal. Code Regs., tit. 11, §§ 7070-7072.)

17. Because Tilting Point sells or shares consumer personal information as part of the SpongeBob app, including in connection with advertising, the CCPA requires that it both disclose in its privacy policy that it sells or shares personal information in connection with targeted or behavioral advertising, and that it not sell or share the personal information of consumers under the age of 16 without obtaining parental consent or affirmative "opt-in" authorization, depending on the age of the consumer. Tilting Point did not comply with these requirements regarding children's data.

18. Tilting Point's use of a non-neutral age screen failed to encourage users to enter their age accurately and defaulted to older ages. As a result, consumers under the age of 16 likely were directed to the adult version of the game.

19. In addition, Tilting Point incorrectly configured or installed SDKs in the SpongeBob app in such a way that did not limit collection, disclosure, and use of personal information based on consumer's age or obtaining parental or opt-in consent. Consequently, even where consumers self-identified as under 16 years old and were directed to the child-specific version of the SpongeBob game, because of the misconfiguration of the SDKs, the SpongeBob app collected, disclosed, sold, or shared the personal information of these consumers, including in connection with targeted or behavioral advertising, without parental consent or affirmative "opt-in" authorization. Tilting Point's misconfiguration of SDKs, and lack of diligence in reviewing its use and configuration of SDKs in its mobile app, resulted in its violation of CCPA requirements regarding children's data.

20. Tilting Point did not identify or resolve its misconfiguration of SDKs, even after receiving CARU's report, until discovered in connection with the People's investigation. As part of the investigation, Tilting Point found that in some instances, third-party documentation and default settings complicated installation

and configuration of SDKs to comply with children's data privacy laws. Regardless, the proper configuration of third-party SDKs is ultimately Tilting Point's legal obligation.

21. Tilting Point's privacy policy also insufficiently disclosed the collection, sale, or sharing of consumer's personal information, particularly children's data, or the use and purpose of SDKs, sufficient to allow consumers or parents of consumers to understand and exercise their CCPA rights. Tilting Point did not seek or obtain parental consent for consumers less than 13 years of age, or affirmative "opt-in" authorization of consumers at least 13 years of age and less than 16 years of age, prior to selling or sharing the personal information of consumers who self-identified in these age groups.

## II. Tilting Point Violated COPPA Because It Collected and Disclosed Children's Personal Information Without Obtaining Parental Consent.

22. COPPA is a federal statue designed to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal information. COPPA applies to any operator of a commercial website or online service directed to children or with actual knowledge that it collects, uses, or discloses personal information from children. COPPA requires operators to meet specific requirements prior to collecting online, using, or disclosing personal information from children, defined as individuals under the age of 13.

23. COPPA applies to Tilting Point because the SpongeBob app is directed to children, and because Tilting Point had actual knowledge that it collected personal information from children under the age of 13.

24. The determination of whether an online service is directed to children for purposes of COPPA depends on various factors, including its subject matter, visual content, music or other audio content, the presence of child celebrities or

1  celebrities or characters that appeal to children, and evidence regarding audience
2  composition and intended audience. A list of these factors is included in the
3  definition of "Web site or online service directed to children" in 16 C.F.R section
4  312.2. A review of these factors demonstrates the SpongeBob app is directed to
5  children, even though Tilting Point also targets older teens and adults.

6       25.    Tilting Point also had actual knowledge it was collecting personal
7  information from children. Tilting Point used an age screen in the SpongeBob app.
8  As noted, during certain periods of time, Tilting Point's age screen did not ask for
9  age in a neutral manner, which, while theoretically intended to direct users under 13
10 years of age to a child-version of the game, the non-neutral age gate likely biased
11 consumers under age 13 to identify as adults. Nevertheless, numerous users self-
12 identified as under the age of 13.

13      26.    Because Tilting Point is an operator of a website or online service
14 directed to children, and had actual knowledge it collected personal information
15 from children, Tilting Point is subject to COPPA.

16      27.    Tilting Point collected, used, and disclosed personal information from
17 children under the age of 13 through its SpongeBob app, including in connection
18 with targeted or behavioral advertising, in violation of COPPA by:

19           (a)    Failing to obtain consent from parents before collection or use
20 of personal information from children under the age of 13, in violation of 16 C.F.R.
21 § 312.5(a)(1);

22           (b)    Failing to provide notice on its website or online service of the
23 information it collects online from children under the age of 13, how it uses such
24 information, and its disclosure practices, among other required content, in violation
25 of 16 C.F.R. § 312.4(d); and

26           (c)    Failing to provide direct notice to parents of the information it
27 collects online from children under the age of 13, how it uses such information, and
28

its disclosure practices for such information, among other required content, in violation of 16 C.F.R. § 312.4(b).

### III. Tilting Point's Advertising Practices

28. With respect to advertising to minors, the People allege that following the 2020 launch of the SpongeBob app, Tilting Point: (a) displayed advertisements that were not obviously labeled as advertising and included full-screen videos that did not provide clear exit methods; (b) displayed advertisements that could not be stopped or dismissed until the player engaged with the advertisement or downloaded unnecessary apps; (c) used unfair, deceptive, or other manipulative tactics to encourage excessive ad viewing by children, as well as causing children to inadvertently or unknowingly engage with advertisements or download additional apps, and (d) displayed advertisements that were age-inappropriate for children, such as for a gambling app and a game about growing marijuana.

29. Following the CARU report, Tilting Point addressed these issues in the child-specific version of the SpongeBob app.

## CLAIM 1
## VIOLATIONS OF THE CHILDREN'S ONLINE PRIVACY PROTECTION ACT, 15 U.S.C. SECTION 6501 ET SEQ.
### (By the People through the California Attorney General)

30. The People reallege and incorporate by reference each of the paragraphs above as though fully set forth herein.

31. Titling Point's SpongeBob app is directed to children under the age of 13 within the meaning of "Web site or online service directed to children" in 16 C.F.R section 312.2. In addition, Tilting Point has actual knowledge children under the age of 13 use the SpongeBob app.

32. Tilting Point collected, used, and disclosed personal information from children under the age of 13 through its SpongeBob app, including in connection

with targeted or behavioral advertising, in violation of COPPA including, without limitation, violation of 16 C.F.R. § 312.5(a)(1).

33. Tilting Point failed to provide notice on its website or online service of the information it collects online from children under the age of 13, how it uses such information, and its disclosure practices, among other required content, in violation of 16 C.F.R. § 312.4(d).

34. Tilting Point failed to provide direct notice to parents of the information it collects online from children under the age of 13, how it uses such information, and its disclosure practices for such information, among other required content, in violation of 16 C.F.R. § 312.4(b).

35. The California Attorney General is authorized by 15 U.S.C. section 6504 to bring this civil action to enforce COPPA.

## CLAIM 2

## VIOLATIONS OF THE CALIFORNIA CONSUMER PRIVACY ACT, CAL. CIVIL CODE SECTION 1798.100 ET SEQ.

**(By the People through the California Attorney General)**

36. The People reallege and incorporate by reference each of the paragraphs above as though fully set forth herein.

37. Titling Point's SpongeBob app is directed to children, and Tilting Point has actual knowledge children under the age of 13, and consumers at least 13 and under 16, use the SpongeBob app. Tilting Point, though its SpongeBob app, sells or shares consumer personal information, including in connection with targeted or behavioral advertising.

38. Tilting Point did not sufficiently disclose in its privacy policy that it sells or shares personal information in connection with targeted or behavioral advertising, particularly its data practices related to children.

39. Tilting Point did not seek or obtain parental consent for consumers less than 13 years of age, or affirmative "opt-in" authorization of consumers at least 13

years of age and less than 16 years of age, prior to selling or sharing the personal information of consumers in these age groups.

40. Accordingly, each time Tilting Point sold or shared personal information when it had actual knowledge the consumer was less than 13 years of age, or willfully disregarded the consumer's age, without parent or guardian affirmative authorization, Tilting Point violated the CCPA, including, without limitation, Civil Code section 1798.120, subdivision (c), and California Code of Regulations, title 11, sections 7070 and 7072.

41. Each time Tilting Point sold or shared personal information when it had actual knowledge the consumer was at least 13 years of age and less than 16 years of age, or willfully disregarded the consumer's age, without the consumer's affirmative authorization, Tilting Point violated the CCPA, including, without limitation, Civil Code section 1798.120, subdivision (c) and California Code of Regulations, title 11, sections 7071 and 7072.

42. The California Attorney General is authorized by Civil Code section 1798.199.90 to bring this civil action to enforce the CCPA.

## CLAIM 3
## VIOLATIONS OF THE UNFAIR COMPETITION LAW,
## CAL. BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.
## (By the People through the California Attorney General and the Los Angeles City Attorney)

43. The People reallege and incorporate by reference each of the paragraphs above as though fully set forth herein.

44. Tilting Point has engaged in unlawful, deceptive, and unfair business acts or practices that constitute unfair competition as defined in the Unfair Competition Law, Business and Professions Code section 17200 et seq. These acts or practices include, but are not limited to, the following:

COMPLAINT (People v. Tilting Point Media LLC)

1         (a)    Violating the CCPA, including Civil Code section 1798.120, subdivision (c), and California Code of Regulations, title 11, sections 7070, 7071, and 7072.

        (b)    Violating COPPA, including violations of 16 C.F.R. §§ 312.4(b); 312.4(d); and 312.5(a)(1).

        (c)    Violating state law related to advertising to minors, including Business and Professions Code section 22580, as well as unfair and fraudulent business acts or practices with respect to advertising to minors.

45.    The California Attorney General and the Los Angeles City Attorney are authorized by Business and Professions Code section 17204 to bring this civil action to enforce the Unfair Competition Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    Pursuant to 15 U.S.C. section 6504, that the Court enter an injunction to prevent future violations of COPPA and award damages, restitution, or other compensation on behalf of residents of California;

2.    Pursuant to Civil Code section 1798.199.90, that the Court enter an injunction and all orders necessary to prevent Tilting Point, as well as its successors, agents, representatives, and employees, from engaging in any act or practice that violates the CCPA, including, but not limited to, as alleged in this Complaint;

3.    Pursuant to Civil Code section 1798.199.90, that the Court assess civil penalties of Two Thousand Five Hundred Dollars ($2,500) for each violation or Seven Thousand Five Hundred Dollars ($7,500) for each intentional violation of the CCPA, as proven at trial;

4.    Pursuant to Business and Professions Code section 17203, that the Court enter an injunction and all orders necessary to prevent Tilting Point, as well as its successors, agents, representatives, and employees, from violating Business

1 and Professions Code section 17200 et seq., including, but not limited to, as alleged in this Complaint;

2. 5. Pursuant to Business and Professions Code section 17206, that the Court assess civil penalties of Two Thousand Five Hundred Dollars ($2,500) for each violation of Business and Professions Code section 17200 et seq., as proven at trial;

6. Pursuant to Government Code section 12527.6, that the Court award disgorgement in an amount as proven at trial;

7. That Plaintiff recovers its cost of suit;

8. For such other and further relief as the Court deems just and proper.

Dated: June 18, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California


/s/ Amos E. Hartston
AMOS E. HARTSTON
Deputy Attorney General
*Attorneys for The People of the State of California*

Dated: June 18, 2024

HYDEE FELDSTEIN SOTO
Los Angeles City Attorney


/s/ Alexandra Aurish
ALEXANDRA AURISCH
Deputy City Attorney
*Attorneys for The People of the State of California*

\* In compliance with Local Civil Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the content and have authorized the filing.