JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TILTING POINT MEDIA LLC,<br><br>　　　　　　　Defendant. | Case No. 2:24-cv-05140-FLA (ASx)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION [DKT. 4]** |

Plaintiff the People of the State of California ("the People"), appearing through its attorney, Rob Bonta, Attorney General of the State of California, by Deputy Attorney General Amos E. Hartston and Supervising Deputy Attorney General Stacey D. Schesser, and through its attorney, Hydee Feldstein Soto, Los Angeles City Attorney, by Deputy City Attorney Alexandra Aurisch and Supervising Deputy City Attorney William Pletcher, and Defendant Tilting Point Media LLC ("DEFENDANT"), appearing through its attorney, Daniel Goldberg of Frankfurt Kurnit Klein & Selz PC, having stipulated to the entry of this Final Judgment and Permanent Injunction ("Judgment") by the court without the taking of proof and without trial or adjudication of any fact or law, without this Judgment constituting evidence of or an admission by DEFENDANT regarding any issue of law or fact alleged in the Complaint on file, and without DEFENDANT admitting any liability, and with all parties having waived their right to appeal, and the court having considered the matter and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

**I.     PARTIES AND JURISDICTION**

1. This court has jurisdiction over the allegations and subject matter of the People's Complaint filed in this action under 28 U.S.C. § 1331, and the parties to this action. Venue is proper in this judicial district under 18 U.S.C. § 1391(b)(2). This court has jurisdiction to enter this Judgment, and this Judgment is entered pursuant to the Children's Online Privacy Protection Act, 15 U.S.C. § 6501, *et seq.* ("COPPA"); the California Consumer Privacy Act of 2018, Cal. Civ. Code § 1798.100, *et seq.*, as amended ("CCPA"); and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL").

**II.    DEFINITIONS**

The following terms in this Judgment shall have these meanings:

2. CHILD or CHILDREN means an individual or individuals under the age of 13.

3. CLEAR AND CONSPICUOUS means difficult to miss (i.e., is easily noticeable) and is easily understandable by ordinary CONSUMERS.

4. COLLECTS or COLLECTION means the gathering of any PERSONAL INFORMATION from a CONSUMER by any means, including, without limitation: (a) requesting, prompting, or encouraging a CONSUMER to submit PERSONAL INFORMATION online; (b) enabling a CONSUMER to make PERSONAL INFORMATION publicly available in identifiable form; (c) passive tracking of a CONSUMER online; or (d) buying, renting, gathering, obtaining, receiving, or accessing any PERSONAL INFORMATION pertaining to a CONSUMER by any means, either actively or passively, or by observing the CONSUMER's behavior.

5. CONSUMER means a natural person who is a California resident.

6. DEFENDANT means Tilting Point Media LLC, a Delaware limited liability company and its successors and assigns.

7. DIRECTED TO CHILDREN has the same meaning as "Web site or online service directed to children" as provided in 16 C.F.R § 312.2.

8. DIRECT NOTICE means making a reasonable effort, taking into account available technology, to ensure that a PARENT receives direct notice of DEFENDANT's practices with regard to the COLLECTION, use, or disclosure of PERSONAL INFORMATION COLLECTED from a CHILD, including notice of any material change in the COLLECTION, use or disclosure practices to which the PARENT has previously consented, as provided in 16 C.F.R. § 312.4.

9. EFFECTIVE DATE means the date that DEFENDANT is served with notice that the Judgment has been entered.

10. MIXED AUDIENCE means a website or online service, including an app, that is DIRECTED TO CHILDREN, but that does not target CHILDREN as its primary audience. MIXED AUDIENCE is a subset of DIRECTED TO CHILDREN.

11. PARENT includes a legal guardian.

///

12.     PERSONAL INFORMATION means information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular CONSUMER or household. PERSONAL INFORMATION includes, but is not limited to, the items listed in the definitions of "personal information" found in 16 C.F.R § 312.2 and in Cal. Civ. Code § 1798.140(v).  PERSONAL INFORMATION includes, without limitation, "persistent identifier" as described in 16 C.F.R § 312.2, and "unique identifier" or "unique personal identifier" as set forth in Cal. Civ. Code § 1798.140(aj).

13.     SALE or SELL has the same meaning as provided in Cal. Civ. Code § 1798.140(ad).

14.     SDKs or SOFTWARE DEVELOPMENT KITS means software development tools (including, without limitation, application programming interfaces (APIs)), individually or bundled together and offered by a third party, that includes software code that a business can integrate into its mobile applications to provide certain functionality, and that may COLLECT PERSONAL INFORMATION and allow or facilitate disclosure of data to third parties.

15.     SHARE has the same meaning as provided in Civil Code § 1798.140(ah).

16.     VERIFIABLE PARENTAL CONSENT means making a reasonable effort, taking into consideration available technology, to ensure that before PERSONAL INFORMATION is COLLECTED from a CHILD, a PARENT of that CHILD: (a) Receives notice of DEFENDANT's PERSONAL INFORMATION COLLECTION, use, and disclosure practices; and (b) Authorizes any COLLECTION, use, and/or disclosure of the PERSONAL INFORMATION, using a method reasonably calculated, in light of available technology, to ensure that the person providing consent is the CHILD's PARENT.

/ / /

/ / /

## III. INJUNCTIVE PROVISIONS

17. Nothing in this Judgment alters the requirements of state or federal law to the extent they offer greater protection to CONSUMERS.

18. The injunctive provisions of this Judgment, entered pursuant to 15 U.S.C. § 6504, Cal. Bus. & Prof. Code § 17203, and Cal. Civ. Code § 1798.199.90, shall apply to: (a) DEFENDANT, (b) its directors and officers; (c) its affiliates and subsidiaries; (d) its employees, agents, and independent contractors; and (e) its successors and the assigns of all or substantially all of the assets of their businesses.

### COMPLIANCE WITH LAW—CCPA

19. DEFENDANT shall comply with the following provisions of the CCPA and its implementing regulations related to CONSUMERS under the age of 16: Cal. Civ. Code §§ 1798.120(c), 1798.135(c)(5), and Cal. Code Reg. tit. 11, §§ 7011(e)(1)(G) and (e)(3)(I), 7070, 7071, and 7072.  DEFENDANT shall also comply with updates and modifications to these sections and implementing regulations.

20. DEFENDANT shall not SELL or SHARE the PERSONAL INFORMATION of a CONSUMER, including through SDKs, if DEFENDANT has actual knowledge that the CONSUMER is less than 16 years of age, except as specified below.  If a CONSUMER self-identifies as a CHILD or as at least 13 and less than 16 years of age, or if DEFENDANT willfully disregards a CONSUMER's age, DEFENDANT shall be deemed to have actual knowledge of the CONSUMER's age.

   a. In the case of a CONSUMER that DEFENDANT has actual knowledge is at least 13 and less than 16 years of age, unless the CONSUMER has affirmatively authorized the SALE or SHARING of the CONSUMER's PERSONAL INFORMATION.

   b. In the case of a CONSUMER that DEFENDANT has actual knowledge is a CHILD, unless the CHILD's PARENT has

|   |   |
|---|---|
| 1 | affirmatively authorized the SALE or SHARING of the CHILD's |
| 2 | PERSONAL INFORMATION. |
| 3 | 21.    Where DEFENDANT SELLS and/or SHARES the PERSONAL |

INFORMATION of CONSUMERS that it has actual knowledge are CHILDREN or are at least 13 and less than 16 years of age, DEFENDANT shall provide a just-in-time notice at the time of COLLECTION of such PERSONAL INFORMATION that (i) provides CONSUMERS a brief message explaining what information will be COLLECTED, the purpose, and if the information will be SOLD and/or SHARED, (ii) links to the relevant portion of the privacy policy, and (iii) complies with the following:

   a. Specifically for CHILDREN, provides CLEAR AND CONSPICUOUS notice that the PARENT's "opt-in" affirmative authorization is required before the SALE and/or SHARING of PERSONAL INFORMATION of the CHILD; and

   b. Specifically for CONSUMERS at least 13 and less than 16 years of age, provides CLEAR AND CONSPICUOUS notice that such CONSUMER's "opt-in" affirmative authorization is required before the SALE or SHARING of their PERSONAL INFORMATION.

22.    As set forth in Cal. Code Regs. tit. 11, § 7011(e), DEFENDANT's privacy policy shall include identification of the categories of PERSONAL INFORMATION that DEFENDANT has COLLECTED about CONSUMERS in the preceding 12 months; identification of the specific business or commercial purpose for COLLECTING PERSONAL INFORMATION from CONSUMERS; identification of the categories of PERSONAL INFORMATION, if any, that DEFENDANT has SOLD or SHARED in the preceding 12 months; identification of the categories of third parties to whom the information was SOLD or SHARED; identification of the specific business or commercial purpose for SELLING or SHARING PERSONAL INFORMATION; and a statement regarding whether DEFENDANT has actual

6

knowledge that it SELLS or SHARES the PERSONAL INFORMATION of CONSUMERS under 16 years of age. DEFENDANT's privacy policy shall also comply with Cal. Civ. Code §§ 1798.100, 1798.115, 1798.120, and 1798.130(a)(5), Cal. Code Regs. tit. 11, §§ 7011 and 7012, and Cal. Bus. & Prof. Code § 22575 ("CalOPPA"). Where DEFENDANT COLLECTS the PERSONAL INFORMATION of CONSUMERS that it has actual knowledge are either CHILDREN or at least 13 and less than 16 years of age, DEFENDANT's privacy policy shall specify its practices with respect to COLLECTION, use, SELLING or SHARING of their PERSONAL INFORMATION.

23. Where DEFENDANT SELLS and/or SHARES the PERSONAL INFORMATION of CONSUMERS through SDKs, DEFENDANT's privacy policy shall provide CLEAR AND CONSPICUOUS notice to CONSUMERS regarding its use of SDKs, including, without limitation, identification of the categories of SDKs, identification of the categories of PERSONAL INFORMATION SOLD or SHARED through SDKs, and the business or commercial purpose for SELLING or SHARING the PERSONAL INFORMATION.

**COMPLIANCE WITH LAW—COPPA**

24. For each of DEFENDANT's websites and online services, including, without limitation, each of its iOS and Android apps, that COLLECT PERSONAL INFORMATION, DEFENDANT shall determine if the website or online service meets the definition of DIRECTED TO CHILDREN considering each of the factors set forth in paragraphs 1 and 2 of the definition of "Web site or online services directed to children" in 16 C.F.R. § 312.2. As part of this determination, DEFENDANT may consider the age of users of similar websites or services, reviews by users or third parties, representations to consumers or third parties, and marketing or promotional materials or plans. If based on pre-existing intellectual property, DEFENDANT shall consider the typical age rating of such property. DEFENDANT shall document its analysis in writing.

25. All apps and games featuring characters from SpongeBob SquarePants shall be deemed DIRECTED TO CHILDREN for purposes of this Judgment. For the avoidance of doubt, such apps and games could be deemed MIXED AUDIENCE.

26. For any website or online service that is DIRECTED TO CHILDREN, DEFENDANT shall be enjoined and restrained from violating the following obligations relating to the Children's Online Privacy Protection Act, 15 U.S.C. § 6501, *et seq*:

    a. Failing to make reasonable efforts, taking into account available technology, to ensure that a PARENT receives DIRECT NOTICE of DEFENDANT's practices with regard to the COLLECTION, use, or disclosure of PERSONAL INFORMATION from CHILDREN, including notice of any material change in the COLLECTION, use, or disclosure practices to which the PARENT has previously consented, unless COPPA provides an exception;

    b. Failing to post a CLEAR AND CONSPICUOUS link to its privacy policy including its PERSONAL INFORMATION practices with regard to CHILDREN on the home or landing page or screen of its website or app, and at each area of the website or app where PERSONAL INFORMATION is COLLECTED from CHILDREN, unless COPPA provides an exception;

    c. Failing to obtain VERIFIABLE PARENTAL CONSENT before any COLLECTION, use, or disclosure of PERSONAL INFORMATION from CHILDREN, including consent to any material change in the COLLECTION, use, or disclosure practices to which the PARENT has previously consented, unless COPPA provides an exception;

    d. Conditioning a CHILD's participation in an activity, app, or features in an app on the CHILD disclosing more PERSONAL INFORMATION than is reasonably necessary to participate in the

    app, unless COPPA provides an exception; and

  e. Retaining PERSONAL INFORMATION COLLECTED online from a CHILD for longer than reasonably necessary to fulfill the purpose for which the PERSONAL INFORMATION was COLLECTED, unless COPPA provides an exception.

27. For any website or online service that is DIRECTED TO CHILDREN, DEFENDANT's privacy policy must comply with 16 C.F.R. § 312.4(d).

## USE OF AGE SCREENS

28. Prior to using an age-screening mechanism for any of DEFENDANT's websites and online services, including, without limitation, each of its iOS and Android apps, that are DIRECTED TO CHILDREN and that COLLECT PERSONAL INFORMATION, DEFENDANT shall determine if the website or online service meets the definition of a MIXED AUDIENCE website or service.  As part of the determination of whether CHILDREN are the primary audience, DEFENDANT may consider available information regarding who the intended audience is, audience composition, the age of users of similar websites or services, reviews by users or third parties, representations to consumers or third parties, marketing or promotional materials or plans, and each of the factors set forth in paragraphs 1 and 2 of the definition of "Web site or online services directed to children" in 16 C.F.R. § 312.2. If based on pre-existing intellectual property, DEFENDANT shall consider the typical age rating of such property.  DEFENDANT shall document its analysis in writing.

29. If DEFENDANT uses an age screen in a MIXED AUDIENCE app, DEFENDANT shall: (a) not COLLECT PERSONAL INFORMATION from any CONSUMER prior to collecting age information, except as permitted by COPPA and the CCPA; (b) design the age-screening mechanism in a neutral manner; (c) not COLLECT, use, or disclose PERSONAL INFORMATION of CONSUMERS who identify themselves as CHILDREN without first complying with the notice and VERIFIABLE PARENTAL CONSENT requirements of COPPA, except as permitted

by COPPA; and (d) not SELL or SHARE PERSONAL INFORMATION of CONSUMERS who identify themselves as less than 16 years of age without first complying with the notice and affirmative authorization requirements of the CCPA. DEFENDANT may direct CONSUMERS who indicate they are CHILDREN or at least 13 and less than 16 years of age to a CHILD-specific version or portion of the app that does not COLLECT, use, or disclose the CONSUMER's PERSONAL INFORMATION except as permitted by COPPA and the CCPA, and where there is no behavioral advertising except where required "opt-in" consent has been obtained.

30. Whenever DEFENDANT uses an age-screening mechanism for a MIXED AUDIENCE app, DEFENDANT shall (1) ask age information in a neutral manner that does not default to a set age of 16 or above or encourage users to falsify age information; (2) not suggest that certain features will not be available for users who identify as younger than 16 years old; and (3) provide CLEAR AND CONSPICUOUS notice as part of the age screen that the age entered should be accurate to the user (*i.e.* relating to the player, not the phone's owner) and is collected to ensure data use and advertising is appropriate for the user's age. DEFENDANT shall at least annually conduct an assessment of each of the requirements of using an age screen set forth in Paragraphs 28 through 30.

### DATA MINIMIZATION AND SDK COMPLIANCE

31. For any website or online service that is DIRECTED TO CHILDREN and COLLECTS PERSONAL INFORMATION, including, without limitation, MIXED AUDIENCE apps, DEFENDANT is restrained and enjoined from COLLECTING more PERSONAL INFORMATION than reasonably necessary for a CHILD or for users at least 13 and less than 16 years of age to participate in any activity or game. DEFENDANT may direct CONSUMERS who indicate they are CHILDREN or at least 13 and less than 16 years of age to a CHILD-specific version or portion of the app that minimizes COLLECTION, use, and disclosure the CONSUMER's PERSONAL INFORMATION, and where there is no behavioral

advertising except where required "opt-in" consent has been obtained.

32. DEFENDANT shall take reasonable steps to ensure that its installation, configuration, and use of SDKs within any apps DIRECTED TO CHILDREN, including, without limitation, MIXED AUDIENCE apps, comply with this Judgment.

33. DEFENDANT shall implement and maintain an SDK governance framework to review the use of SDKs within its apps that are DIRECTED TO CHILDREN, including, without limitation, MIXED AUDIENCE apps, and that COLLECT PERSONAL INFORMATION from CONSUMERS, including, at a minimum:

   a. Identification of each app DIRECTED TO CHILDREN that COLLECTS PERSONAL INFORMATION;
   b. For each app, identification of each SDK within the app and, for each SDK, the name of the third party SDK provider;
   c. The purpose(s) for which DEFENDANT uses each SDK;
   d. Evaluation of the configuration settings or controls for each SDK, including default settings, with respect to COLLECTION, use, or disclosure of PERSONAL INFORMATION;
   e. For any SDK that involves COLLECTION of PERSONAL INFORMATION of CONSUMERS under 16, review and evaluation of the contract(s) governing the SDK with respect to COLLECTION, use, and disclosure of PERSONAL INFORMATION and specifically restrictions on data use; and
   f. For any SDK that involves SALES or SHARES of PERSONAL INFORMATION of CONSUMERS under 16, confirming and documenting the measures DEFENDANT is taking to ensure such SALES or SHARES comply with this Judgment.

34. DEFENDANT shall at least annually conduct an assessment of its data minimization efforts and its SDK governance framework. This may include ensuring

appropriate testing of data flows, for example that data flows appropriately change based on the CONSUMER's age and CHILD-versions are working as intended. DEFENDANT shall also at least annually conduct adequate training of relevant employees, agents, and independent contractors regarding data minimization and configuration and use of SDKs.

## ADVERTISING TO MINORS

35. DEFENDANT will use commercially reasonable measures through cooperation with its ad partners to ensure that any advertisement displayed within any of its websites or online services, including its iOS and Android apps, that are DIRECTED TO CHILDREN, including MIXED AUDIENCE websites or online services (except in connection with a MIXED AUDIENCE website or online service where DEFENDANT uses a neutral age screen in compliance with this Judgment and such advertisements are displayed within a version or portion of the app specifically designed for users who self-identify as 13 years of age or older):

   a. Is identified to CONSUMERS as being an advertisement and not part of the gameplay;
   b. Includes a prominent "X" or "Close" button that allows CONSUMERS to promptly close the advertisement without further action beyond one click;
   c. Does not manipulate or deceive CONSUMERS into engaging with the advertisement, downloading or installing unnecessary apps, making unintended purchases, or providing unnecessary PERSONAL INFORMATION;
   d. Does not advertise activities in which CHILDREN cannot legally engage or products they cannot legally possess (*e.g.*, gambling, alcohol, tobacco, or other drugs).

36. DEFENDANT will use commercially reasonable measures through cooperation with its ad partners to comply with Cal. Bus. & Prof. Code § 22580 where

DEFENDANT has actual knowledge that CONSUMERS are under the age of 18.

## COMPLIANCE PROGRAM; ASSESSMENT AND REPORTING REQUIREMENTS

37. Within 180 days of the EFFECTIVE DATE, and for a period of three years from the EFFECTIVE DATE, DEFENDANT shall implement and maintain a program to assess and monitor its websites and online services, including its iOS and Android apps, that are DIRECTED TO CHILDREN and that COLLECT PERSONAL INFORMATION for their compliance with this Judgment. DEFENDANT shall document and share the results of this review and assessment with the People in an annual report that includes, at minimum, the following:

   a. The assessment of its data minimization efforts and SDK governance framework as set out in Paragraph 34;
   b. Evaluation of its privacy policies and just-in-time notices related to CONSUMERS under 16 years of age for compliance with Paragraphs 21–23 and 27;
   c. Evaluation of whether its apps meet the definition of DIRECTED TO CHILDREN or MIXED AUDIENCE as set out in Paragraphs 24 and 28;
   d. The assessment of its age screens as set out in Paragraphs 29 and 30;
   e. Evaluation of its advertising to CHILDREN and users at least 13 and less than 16 years of age for compliance with Paragraphs 35 and 36; and
   f. Evaluation of its providing DIRECT NOTICE, a CLEAR AND CONSPICUOUS link to its privacy policy, and VERIFIABLE PARENTAL CONSENT, if applicable, for compliance with Paragraph 26(a), (b), and (c).

38. This review may be satisfied by a review conducted by a third party assessor or COPPA safe harbor program. If part or all of this review will be

13

conducted by a third party assessor or COPPA safe harbor program, DEFENDANT shall notify the People of the third party or COPPA safe harbor program to be used for this purpose, and DEFENDANT's CEO shall review the report provided by the third party or COPPA safe harbor program and certify that the report does not contain any material misstatements or omissions.

39. All reports, reviews, and sharing of information pursuant to this Judgment shall be treated as confidential and as exempt from disclosure under the relevant public records laws, including Cal. Gov. Code § 7920.000, *et seq*.

### IV. MONETARY PROVISIONS

40. DEFENDANT shall pay the amount of $500,000. Of this amount, $250,000 shall be paid to the California Attorney General and $250,000 shall be paid to the Los Angeles City Attorney pursuant to Cal. Bus. & Prof. Code § 17206. These payments shall be made by wire transfer pursuant to instructions provided by the People to DEFENDANT in accordance with the following timeline: the first third of the amounts due no later than six months from the EFFECTIVE DATE, the second third of the amounts due no later than two years from the EFFECTIVE DATE, and the remaining balance due no later than three years from the EFFECTIVE DATE.

41. In addition, DEFENDANT shall pay $10,079.66 to the Los Angeles City Attorney's Office as cost recovery by wire transfer no later than thirty days after the EFFECTIVE DATE, pursuant to instructions provided by the Los Angeles City Attorney's Office.

42. Except as otherwise expressly provided herein, each party shall bear its own attorneys' fees and costs.

### V. RELEASE

43. By entry of this Judgment, DEFENDANT, and its directors, officers, affiliates, subsidiaries, employees, agents, independent contractors, and its successors and the assigns of all or substantially all of the assets of their business are released and discharged from and against any and all civil claims or rights related to minor's

privacy, advertising to minors, and/or DEFENDANT's privacy policy that were asserted, or that could have been asserted, in the Complaint under COPPA, the CCPA, CalOPPA, Cal. Bus. & Prof. Code § 22580, or the UCL.

## VI.   ADDITIONAL GENERAL PROVISIONS

44. This court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Judgment.

45. Nothing in this Judgment shall be construed as relieving DEFENDANT of its obligations to comply with all state and federal laws, regulations, or rules, or as granting permission to engage in any acts or practices prohibited by such law, regulation, or rule.

46. DEFENDANT shall use reasonable efforts to notify its officers, directors, employees, agents, and contractors responsible for carrying out and effecting the terms of this Judgment and the requirements therein.

47. Notices and reports under this Judgment shall be served by email and regular mail as follows:

To the People:

Amos Hartston
California Attorney General's Office
300 South Spring Street, Suite 1702
Los Angeles, California 90013
Email: Amos.Hartston@doj.ca.gov

William Pletcher
Alexandra Aurisch
Office of the Los Angeles City Attorney
Public Rights Branch
201 North Figueroa, Suite 1300
Los Angeles, California 90012
Email: William.Pletcher@lacity.org; Alexandra.Aurisch@lacity.org

/ / /

/ / /

To Tilting Point Media LLC:

Daniel Goldberg
Frankfurt Kurnit Klein & Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
Email: dgoldberg@fkks.com

48. This Judgment shall take effect immediately upon entry thereof.

49. The clerk is directed to enter this Judgment forthwith.

IT IS SO ORDERED.

Dated: July 2, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge